

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-24-2005

# Hill v. Lamanna

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3810

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hill v. Lamanna" (2005). *2005 Decisions.* Paper 654.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/654

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3810
_____

MICHAEL W. HILL,
Appellant

v.

JOHN J. LAMANNA, Warden

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 03-cv-00160E)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted Under Third Circuit LAR 34.1(a)
May 18, 2005

Before: ROTH, MCKEE AND ALDISERT, <u>CIRCUIT JUDGES</u>
(Filed: August 24, 2005)

_____

OPINION
_____

PER CURIAM

Michael W. Hill appeals the District Court's order denying his petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons given below, we will

affirm.

In July 1987 the District of Columbia Superior Court sentenced Hill to 4-12 years' imprisonment for possession with intent to distribute heroin. He was paroled by the D.C. Parole Board in September 1992, but the Board issued a detainer against Hill in October 1994 as a result of a murder charge. Hill was subsequently convicted of manslaughter in the D.C. court, which imposed a sentence of 7-21 years' imprisonment in September 1995.

In August 1998 Hill was transferred to the custody of the United States Parole Commission pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997. The Commission held an initial hearing with respect to the manslaughter sentence in August 2000, after which it denied parole and ordered a rehearing in April 2003. The Commission held a combined hearing in March 2003, revoked parole on the heroin sentence, ordered that the unexpired portion of his sentence be served upon termination of the manslaughter sentence, and denied parole for the manslaughter sentence.

In May 2003 Hill filed a section 2241 petition challenging certain aspects of the 2003 hearing. In his petition and subsequent filings Hill claims, *inter alia*, that the hearing examiner (1) failed to allow him the opportunity to discuss his offense behavior; (2) concluded without justification that Hill pled guilty to a lesser offense even though a more serious charge was appropriate; and (3) denied him the opportunity to discuss how the guilty plea to lesser charges came about; that the Commission incorrectly determined

that he had been incarcerated 92 months by the time of the March 2003 hearing rather than 104 months; and that the Commission's retroactive application of the 2001 amendments to 28 C.F.R. § 2.80 violated the *ex post facto* clause.[1]

The Magistrate Judge rejected Hill's arguments concerning the hearing examiner because the sole finding made by the Commission concerning the manslaughter conviction was that it occurred. She found that there was no indication in the Commission's findings that the offense was considered more serious than manslaughter, and that to the extent that the Commission's decision was premised on findings concerning Hill's underlying offense behavior it is supported by a rational basis in the record.

The Magistrate Judge also found a rational basis for the Board's 92 months calculation. Hill had argued that because he was arrested on the manslaughter charge on August 19, 1994, and held without bond until trial, he should receive credit towards the manslaughter sentence for that period. The Magistrate Judge disagreed because that time had already been credited to a separate sentence (for escape). The Magistrate Judge did not address Hill's *ex post facto* claim.

Hill filed objections in which he repeated the *ex post facto* claim. Without mentioning that claim, the District Court adopted the Report and Recommendation and

---

[1] Hill states in his brief that these are the only issues he wishes to raise on appeal. Accordingly, we do not list or otherwise address the other claims he raised in the District Court.

denied Hill's petition. This appeal followed.[2]

We agree with the Magistrate Judge's analysis of the claims she did address and to that extent will affirm the judgment of the District Court. In particular, we note that Hill's challenge to the finding that he had been incarcerated for 92 months fails because double crediting is expressly prohibited by 18 U.S.C. § 3585(b). As the Magistrate Judge found, that period had already been credited to another sentence, a finding which Hill evidently does not dispute.

However, because Hill's *ex post facto* claim was not addressed by the Magistrate Judge or the District Court, and because its merit turns on a fairly complex inquiry into the relationship between the facts of Hill's case and the pertinent regulations – an inquiry best made in the first instance by the District Court – we will vacate the District Court's judgment with regard to this claim and remand for further proceedings. Needless to say, we express no opinion on the merit of the claim.

---

[2] We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. Roussos v. Menifee, 122 F.3d 159 (3d Cir. 1997).